# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GORDON A. BUNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-10-037-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Gordon A. Bunton requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step One requires the claimant to establish that he is not engaged in substantial gainful activity. Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born December 23, 1967, and was forty-one years old at the time of the administrative hearing (Tr. 27, 110). He has a GED (Tr. 25), and has worked as a seismic driller helper, a poultry plant laborer, and a tree trimmer (Tr. 18). The claimant alleges inability to work since August 4, 2006 due to panic attacks, neck and back pain, carpal tunnel syndrome, polyarthritis, and polymyositis (Tr. 10-11).

**Procedural History**

On January 3, 2007, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 54). His applications were denied. ALJ Osly F. Deramus conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 13, 2009 (Tr. 8-20). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform a narrow range of light work, *i. e.*, he could lift twenty pounds occasionally and ten pounds frequently, perform simple tasks with routine supervision, relate to supervisors and peers on a

superficial basis, and adapt to most work situations, but not relate to the general public (Tr. 12). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, assembly work (Tr. 19).

**Review**

The claimant contends that the ALJ erred: (i) by failing to consider all available medical evidence; (ii) by failing to properly consider opinions of his treating physicians; (iii) by failing to properly consider his credibility; and (iv) by failing to properly assess his RFC. The Court finds the claimant's third contention persuasive.

The relevant medical evidence reveals that Dr. Kenneth Miller treated the claimant from February 2007 through November 2008. He assessed the claimant as having polyarthritis/polymyalgia of unknown cause; history of depression, anxiety, and panic attacks; GERD; history of sleep apnea; hypertension; hyperlipidemia; degenerative disc disease of the cervical spine; nasal septal deviation with vasomotor rhinitis; chronic sleep deprivation syndrome; and history of abnormal liver enzymes (Tr. 314). He also noted that the claimant was prescribed L-thyroxine, Lotrel, Xanax, and Seroquel, and that he had prescribed Oxy-contin but that the claimant could not tolerate it (Tr. 314). On more than one occasion, his notes stated that the claimant was medically disabled and unable to work (Tr. 314, 320). On April 14, 2008, Dr. Miller completed a medical source statement ("MSS"), which indicated that the claimant could only occasionally sit/stand/walk, could frequently lift ten pounds, and infrequently reach, push, or pull, grasp, handle, finger, or feel due to pain and fatigue. He stated that the medical findings

in support of the MSS were the claimant's generalized polyarthritis and polymyositis with unknown etiology but with severe proximal and distal muscle weakness, labile hypertension, hypothyroidism, and history of panic attacks (Tr. 342).

In addition, Dr. R. T. Bowden treated the claimant for his mental health issues and completed a mental MSS on May 12, 2008, finding a slight limitation in the claimant's ability to understand and remember detailed instructions, and moderate to slight limitations in the areas of attention and concentration, as well as social interaction (Tr. 355). He checked boxes indicating that the claimant had the following signs and symptoms: sleep disturbance, social withdrawal or isolation, feelings of guilt/worthlessness, mood disturbance, decreased energy, panic attacks, and difficulty concentrating or thinking (Tr. 356). During his initial assessment of the claimant, Dr. Bowden stated that the claimant had a current GAF score of 50, with a past score of 65, and the diagnosis for Axis IV was: "(1) focused on getting SSI, (2) medical problems, (3) prison x6 years, (4) financial problems." (Tr. 362).

At the administrative hearing, the claimant's testimony revealed that he drives 750 feet down his driveway to pick up his daughter after school; that he has panic attacks at least once a day, lasting from thirty minutes to two hours; that he stayed in his car on Thanksgiving to avoid having a panic attack; that he has problems controlling his emotions; and that he has trouble sleeping and only sleeps about three hours a night. As to his physical limitations, he testified that he was limited in his ability to stand and walk because he gets dizzy within fifteen minutes of being up; that he has problems with grasping, handling, fingering, and feeling, as well as trouble gripping objects; that he has

difficulty doing basic household chores like folding laundry; and that he relies on his wife to help him in the morning and with his basic hygiene (Tr. 27-46). Additionally, the vocational expert ("VE") testified that the claimant would be unable to maintain employment with the limitations described by Dr. Miller or Dr. Bowden (Tr. 52).

In his written decision, the ALJ summarized the claimant's testimony, but found that his "statements concerning the intensity, persistence and limiting effects of these symptoms [we]re not credible to the extent they [we]re inconsistent with the [RFC]." (Tr. 13). The ALJ found that the medical evidence in the record weighed against the claimant's claim of disability, because "[n]one of the physicians involved in claimant's evaluation have provided objective findings which would indicate that the claimant was disabled, nor have they provided any credible statement or recommendation that she [sic] was unable to perform substantial gainful activity for a continuous period of at least 12 months." (Tr. 17). The ALJ described some of Dr. Bowden's treatment notes regarding the claimant, including the MSS, but did not mention the GAF score of 50 (Tr. 13). Without assigning any weight to Dr. Bowden's opinion, the ALJ adopted the findings of the non-examining state agency sources, who found that the claimant could adapt to work situations with the limitations of performing only simple tasks with routine supervision, relating superficially to peers and supervisors, and being unable to relate to the general public (Tr. 13-14). The ALJ noted the "very slow progression" of the claimant's disease, and discussed the evidence from the claimant's other treating physicians, including Dr. Miller. The ALJ stated that the records from Dr. Miller were "not very revealing," and that Dr. Miller's MSS was a dramatic overstatement without external support (Tr. 14-15).

In addition, the ALJ noted that the clamant had "received little treatment" beyond prescription medications, and that surgical intervention on the claimant's spine had not been recommended (Tr. 17). The ALJ then found that, because the claimant did not exhibit the specific symptoms of loss of weight due to loss of appetite from incessant pain, muscular atrophy due to muscle guarding, muscular spasms, assistive devices, prolonged bed rest, or adverse neurologic signs, the claimant therefore lacked "a pattern of pain of such severity as to have prevented the claimant from engaging in 'light' work on a sustained basis." (Tr. 17).

A credibility determination is entitled to deference unless the Court finds that the ALJ misread the medical evidence as a whole. *See Casias v. Secretary of Health & Human Services,* 933 F.2d 799, 801 (10th Cir. 1991). In assessing complaints of pain, an ALJ may disregard a claimant's subjective complaints if unsupported by any clinical findings. *See Frey v. Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4. The ALJ's credibility determination fell below these standards.

First, the ALJ did not even discuss the credibility factors set forth in 20 C.F.R. §§ 404.1529, 416.929, and Social Security Ruling 96-7p.[2] He was not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but "simply 'recit[ing] the factors'" is insufficient, *Hardman*, 362 F.3d at 678, *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4.

Second, the ALJ applied improper standards when evaluating the claimant's credibility. Although the lack of objective support for subjective complaints is a factor to consider in a credibility analysis, *see Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir. 1991) (noting that one factor to consider when evaluating the credibility of pain testimony is "the consistency or compatibility of nonmedical testimony with objective medical evidence[.]") [quotation omitted], the lack of objective support alone does not justify completely disregarding subjective allegations, *see Hamlin v. Barnhart*, 365 F.3d 1208, 1220 (10th Cir. 2004) ("While 'the absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, . . . a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations.'"), *quoting Luna v. Bowen*, 834 F.2d 161, 165 (10th Cir. 1987); *see also* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms

---

[2] The factors to consider in assessing a claimant's credibility are: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (5) treatment for pain relief aside from medication; (6) any other measures the claimant uses or has used to relieve pain or other symptoms; (7) any other factors concerning functional limitations. Soc. Sec. Rul. 96-7p at 3, 1996 WL 374186 (1996).

or about the effect your symptoms have on your ability to work . . . solely because the available objective medical evidence does not substantiate your statements.").

Third, the ALJ failed to account for evidence that contradicted his conclusion that the claimant was not disabled. The ALJ's discussion of the claimant's credibility was focused primarily on the lack of objective evidence supporting his subjective complaints, *e. g.*, he had only been prescribed medications and surgery had not been recommended, and he did not exhibit any symptoms that the ALJ listed as indicative of disability (Tr. 17). However, the ALJ ignored the assessments from Drs. Miller and Bowden that characterized the claimant as disabled and supported his testimony, and further substituted his own medical opinion when he listed a number of symptoms he expected the claimant to exhibit in order to be found disabled. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]; *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996) ("The ALJ may not substitute his own opinion for that of claimant's doctor."), *citing Sisco v. United States Department of Health & Human Services*, 10 F.3d 739, 743 (10th Cir. 1993) and *Kemp v. Bowen*, 816 F. 2d 1469, 1475 (10th Cir. 1987); *see also Taylor v. Schweiker*, 739 F.2d 1240, 1243 (7th Cir. 1984) ("'[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.'"), *quoting Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982).

Finally, the ALJ's finding that the claimant's statements as to his impairments were not credible in light of his own description of his activities and lifestyle appear to be simply boilerplate language because the ALJ did not link his conclusion to any evidence. In fact, the claimant's testimony was that he leaves his house rarely and only to drives to the end of his driveway to pick up his daughter, and that he avoids people and big gatherings even at the holidays. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008) ("The ALJ's purported pain analysis is improper boilerplate because he merely recited the factors he was supposed to address and did not link his conclusions to the evidence[.]").

Because the ALJ failed to analyze the claimant's credibility in accordance with *Kepler* and *Hardman*, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly analyze the claimant's credibility, and if such analysis requires any adjustment to the claimant's RFC on remand, the ALJ should re-determine what work he can perform, if any, and whether he is disabled.

**Conclusion**

In summary, the Court finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 31st day of March, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma